IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| KAYLA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CREIGHTON MEDICAL ASSOCIATES, | ) | <u>JURY DEMAND</u> |
| doing business under the assumed name of | ) | |
| CREIGHTON MEDICAL LABORATORIES, | ) | |
| DEBA SARMA, M.D., and | ) | |
| TRACEY HARBERT, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff Kayla Johnson, by and through her attorneys, Rapoport Law Offices, P.C., states as follows in support of this complaint:

### <u>JURISDICTION AND VENUE</u>

1. The Plaintiff, Kayla Johnson, is a citizen of Illinois.

2. Defendant Creighton Medical Associates, doing business under the assumed name Creighton Medical Laboratories, is incorporated in Nebraska, with its principal place of business in Nebraska, making it a citizen of Nebraska pursuant to 28 U.S.C. § 1332(c)(1).

3. Defendant Deba Sarma, M.D., is a citizen of Nebraska.

4. Defendant Tracey Harbert, M.D., is a citizen of Nebraska.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(3).

7.  Defendant Creighton Medical Associates, doing business under the assumed name Creighton Medical Laboratories, has transacted business in Illinois, committed tortuous acts in Illinois, made or performed contracts in Illinois, and made promises substantially connected to Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraphs (1), (2) and (7).

8.  Defendant Deba Sarma, M.D, has transacted business in Illinois, committed tortuous acts in Illinois, made or performed contracts in Illinois, and made promises substantially connected to Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraphs (1), (2) and (7).

9.  Defendant Tracey Harbert, M.D., has transacted business in Illinois, committed tortuous acts in Illinois, made or performed contracts in Illinois, and made promises substantially connected to Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraphs (1), (2) and (7).

10. A substantial part of the events or omissions giving rise to the claims set forth in this complaint occurred in this district. Therefore, this district is a proper venue pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

11. On January 31, 2011, Kayla Johnson attended an office visit at St. Margaret's Health Center in the City of Peru, LaSalle County, Illinois, for the excision of a blackened, oval, slightly raised 1 cm lesion located on her left leg, which was performed by Damian Grivetti, M.D.

12. Following the above mentioned procedure, the excised lesion was sent by Damian Grivetti, M.D. to pathology at St. Margaret's Hospital to be evaluated for possible melanoma.

13. On or about February 5, 2011, pathologist Eric E. Santos, M.D., commented that the pathology showed an atypical compound melanocytic proliferation, with the differential diagnosis including atypical spitz nevus versus spitzoid melanoma. Before issuing a final report, Eric E. Santos, M.D., sent the slide containing the excised lesion specimen to Creighton Medical Laboratories for further review and consultation.

14. The slide containing the excised lesion specimen was examined at Creighton Medical Laboratories by dermatopathologist Deba Sarma, M.D. and resident pathologist Tracey Harbert, M.D., who on or about February 8, 2011, diagnosed spitz nevus and reported that there was "no suggestion of melanoma" and the "margins are clear."

15. The February 8, 2011 report by Deba Sarma, M.D. and Tracey Harbert, M.D. at Creighton Medical Laboratories also stated that while the atypia

3

may be treated with a wider conservative excision, they "do not expect to find any residual tumor."

16.  Eric E. Santos included and adopted the findings of Deba Sarma, M.D. and Tracey Harbert, M.D. at Creighton Medical Laboratories in the final pathological report which was sent to St. Margaret's Midtown Health Center on or about February 8, 2011.

17.  After receiving the pathology report, St. Margaret's Midtown Health Center reported to Kayla Johnson that the pathology showed no suggestion of melanoma and no additional treatment was needed.

18.  Approximately a year and a half later, on or about August 29, 2012, Kayla Johnson was diagnosed with malignant melanoma, node positive, Stage III, which subsequently progressed to Stage IV metastatic melanoma.

19.  Since being diagnosed with melanoma Kayla Johnson has received extensive treatment at Loyola University Medical Center in Chicago, Cook County, Illinois.

20.  On or about October 23, 2013, the pathology slides that had been reviewed at Creighton Medical Laboratories in early 2011 were re-reviewed by pathologist Kelli Ann Hutchens, M.D. at Loyola University Medical Center for purposes of staging. Dr. Hutchens reported the lesion had been "narrowly excised" and the differential diagnosis would include a malignant melanoma measuring 1.6 mm in versus an atypical Spitz nevus, and that in light of the recent history of metastatic melanoma the former would be favored.

4

21. Exhibit A to this Complaint, and incorporated herein by reference, is the affidavit with a medical report attached required by § 2-622 of the Illinois Code of Civil Procedure.

## COUNT I

### (Creighton Medical Associates – Vicarious Liability)

22. The General Allegations are incorporated by reference.

23. At all relevant times, Dr. Sarma and Dr. Harbert were employees, agents and/or apparent agents of Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, and were acting within the scope of their employment, agency and/or apparent agency.

24. It was the duty of Defendant Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, by and through the conduct of Dr. Sarma and Dr. Harbert, to examine and report on the pathological slides of Kayla Johnson and treat Kayla Johnson in compliance with the applicable standard of care, yet in violation of this duty, the defendant violated the standard of care in one or more of the following ways:

    a.    Negligently, carelessly and improperly examined the pathological slides;

    b.    Negligently, carelessly and improperly reported on the pathological slides;

    c.    Negligently, carelessly and improperly found and reported there was "no suggestion of melanoma" upon review of the pathological slides;

      d.    Negligently, carelessly and improperly failed to find and report the differential diagnosis of melanoma;

      e.    Negligently, carelessly and improperly failed to recognize and report that a wider excision was indicated;

      f.    Negligently, carelessly and improperly reported that if a conservative wider excision were performed they would "not expect to find any residual tumor";

      g.    Negligently, carelessly and improperly failed to send or recommend sending the lesion specimen for molecular genetic testing;

      h.    Negligently, carelessly and improperly failed to recommend that consideration be given for a sentinel lymph node biopsy; and/or

      i.    Was otherwise careless and negligent.

25. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Kayla Johnson suffered injuries of a personal and pecuniary nature including but not limited to delayed diagnosis of her melanoma, increased risk of death due to melanoma, past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Kayla Johnson respectfully requests judgment be entered in her favor and against Defendant Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, in an amount which will fully and fairly compensate her for all of her legally compensable damages which substantially exceed the minimum jurisdictional amount.

## COUNT II

## (DEBA SARMA, M.D. – Negligence)

26. Plaintiff adopts and incorporates the General Allegations by reference.

27. At all relevant times, Defendant Deba Sarma, M.D., was an employee, agent and/or apparent agent of Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, and was acting within the scope of his employment, agency and/or apparent agency.

28. It was the duty of Defendant Deba Sarma, M.D. to examine and report on the pathological slides of Kayla Johnson and treat Kayla Johnson in compliance with the applicable standard of care, yet in violation of this duty, the Defendant Deba Sarma, M.D. violated the standard of care in one or more of the following ways:

    a. Negligently, carelessly and improperly examined the pathological slides;

    b. Negligently, carelessly and improperly reported on the pathological slides;

    c. Negligently, carelessly and improperly found and reported there was "no suggestion of melanoma" upon review of the pathological slides;

    d. Negligently, carelessly and improperly failed to find and report the differential diagnosis of melanoma;

    e. Negligently, carelessly and improperly failed to recognize and report that a wider excision was indicated;

    f. Negligently, carelessly and improperly reported that if a conservative wider excision were

        performed they would "not expect to find any residual tumor";

   g.   Negligently, carelessly and improperly failed to send or recommend sending the lesion specimen for molecular genetic testing;

   h.   Negligently, carelessly and improperly failed to recommend that consideration be given for a sentinel lymph node biopsy; and/or

   i.   Was otherwise careless and negligent.

29.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant Deba Sarma, M.D., Kayla Johnson suffered injuries of a personal and pecuniary nature including but not limited to delayed diagnosis of her melanoma, increased risk of death due to melanoma, past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Kayla Johnson respectfully requests judgment be entered in her favor and against Defendant Deba Sarma, M.D. in an amount which will fully and fairly compensate her for all of her legally compensable damages which substantially exceed the minimum jurisdictional amount.

## COUNT III

### (TRACEY HARBERT, M.D. – Negligence)

30.   Plaintiff adopts and incorporates the General Allegations by reference.

31.   At all relevant times, Defendant Tracey Harbert, M.D. was an employee, agent and/or apparent agent of Creighton Medical Associates, doing

business under the assumed name of Creighton Medical Laboratories, and was acting within the scope of her employment, agency and/or apparent agency.

32. It was the duty of Defendant Tracey Harbert, M.D. to examine and report on the pathological slides of Kayla Johnson and treat Kayla Johnson in compliance with the applicable standard of care, yet in violation of this duty, the Defendant Tracey Harbert, M.D. violated the standard of care in one or more of the following ways:

    a. Negligently, carelessly and improperly examined the pathological slides;

    b. Negligently, carelessly and improperly reported on the pathological slides;

    c. Negligently, carelessly and improperly found and reported there was "no suggestion of melanoma" upon review of the pathological slides;

    d. Negligently, carelessly and improperly failed to find and report the differential diagnosis of melanoma;

    e. Negligently, carelessly and improperly failed to recognize and report that a wider excision was indicated;

    f. Negligently, carelessly and improperly reported that if a conservative wider excision were performed they would "not expect to find any residual tumor";

    g. Negligently, carelessly and improperly failed to send or recommend sending the lesion specimen for molecular genetic testing;

    h. Negligently, carelessly and improperly failed to recommend that consideration be given for a sentinel lymph node biopsy; and/or

9

      i.      Was otherwise careless and negligent.

33.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant Tracey Harbert, M.D., Kayla Johnson suffered injuries of a personal and pecuniary nature including but not limited to delayed diagnosis of her melanoma, increased risk of death due to melanoma, past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Kayla Johnson respectfully requests judgment be entered in her favor and against Defendant Tracey Harbert, M.D. in an amount which will fully and fairly compensate her for all of her legally compensable damages which substantially exceed the minimum jurisdictional amount.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                        KAYLA JOHNSON,

                        <u>/s/ Joshua L. Weisberg</u>

<u>Attorneys for Plaintiff</u>
David E. Rapoport, 6181294
drapoport@rapoportlaw.com
Joshua L. Weisberg, 6287650
jweisberg@rapoportlaw.com
Bryan W. Hernandez, 6306159
bhernandez@rapoportlaw.com
Lindsey A. Seeskin, 6305804
lseeskin@rapoportlaw.com
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
(312)327-9880
(312)327-9881 (fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| KAYLA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| CREIGHTON MEDICAL ASSOCIATES, ) | |
| doing business under the assumed name of ) | |
| CREIGHTON MEDICAL LABORATORIES, ) | |
| DEBA SARMA, M.D., and ) | |
| TRACEY HARBERT, M.D., ) | |
| ) | |
| Defendants. ) | |

## EXHIBIT A, AFFIDAVIT OF JOSHUA L. WEISBERG

I, Joshua L. Weisberg, do hereby swear that the following facts are true and correct:

1. I am an attorney licensed to practice law in the state of Illinois.

2. I am one of the attorneys representing Plaintiff Kayla Johnson in this lawsuit.

3. I am familiar with the requirements of 735 ILCS § 5/2-622 of the Code of Civil Procedure in effect and governing this case, specifically, the statute as amended in 1989 by P.A. 86-46 § 1. *See Cookson v. Price,* 239 Ill. 2d 339, 341-42, 941 N.E.2d 162, 164 (2010) and *O'Casek v. Children's Home & Aid Soc. of Illinois,* 229 Ill. 2d 421, 447, 892 N.E.2d 994, 1011 (2008).

**EXHIBIT A**

4. This affidavit relates to the claims we are filing against Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, Deba Sarma, M.D., and Tracey Harbert, M.D.

5. I have consulted and reviewed the facts of this case with a health professional whom I believe is knowledgeable in the relevant issues involved in this action.

6. The reviewing health professional is licensed to practice medicine in all of its branches.

7. The reviewing health professional practices and has practiced within the last six years in the same area of health care or medicine that is at issue in this particular action and is qualified by experience and demonstrated competence in the subject of the case.

8. The reviewing health professional has determined in a written report after a review of the medical records and other relevant materials that there is a reasonable and meritorious cause for the filing of this lawsuit.

9. §2-622 (1989) states in part: "A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached."

10. In compliance with this requirement a copy of the signed written report is attached, however, as authorized, "information which would identify the

2

reviewing health professional" has been deleted from the attached copy, which is marked as Exhibit 1 of this Affidavit.

11. I have concluded, on the basis of the reviewing health care professional's review and consultation, and other steps, that there is a reasonable and meritorious cause for the filing of this lawsuit against Creighton Medical Associates, doing business under the assumed name of Creighton Medical Laboratories, Deba Sarma, M.D., and Tracey Harbert, M.D.

/s/ Joshua L. Weisberg

Joshua L. Weisberg
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, IL 60602
(312) 327-9880
(312) 327-9881 (fax)

SUBSCRIBED & SWORN
to before me, this 19th day of
June, 2014.

*Mary Reid*
Notary Public

OFFICIAL SEAL
MARY REID
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/10/15

3

June 13, 2014

Joshua L. Weisberg
Rapoport Law Offices, PC
20 North Clark Street, Suite 3500
Chicago, IL 60602

Re: Kayla Johnson

I am physician licensed to practice medicine in all of its branches. I am a Diplomat of the American Board of Dermatology and American Board of Pathology in Dermatopathology. During my medical career I have examined pathological slides and reported on my findings and diagnoses in cases involving spitz nevus and melanoma. I am knowledgeable about the national standard of care for a pathologist and dermatopathologist examining and reporting on pathological slides in this context. I have practiced within the last 6 years in the same area of health care and medicine that is at issue in this case. I am qualified by experience and demonstrated competence in the subject matter of this case.

I have reviewed records and pathology reports from St. Margaret's Midtown Health Center, St. Margaret's Hospital, Creighton Medical Laboratories, Mayo Clinic, OSF St. Francis and Loyola University Medical Center relating to Kayla Johnson. According to the records, on January 31, 2011, Dr. Damian Grivetti excised a blackened, oval, slightly raised 1 cm lesion on Kayla Johnson's left leg and sent it to pathology to be evaluated for possible melanoma. On February 5, 2011, pathologist Dr. Eric E. Santos interpreted the pathology as showing an atypical compound melanocytic proliferation, with the differential diagnosis including atypical spitz nevus versus spitzoid melanoma. He sent the slide for further review to Creighton Labs, where it was interpreted by Deba Sarma, M.D. and Tracey Harbert, M.D., who diagnosed spitz nevus and reported there was "no suggestion of melanoma" and the "margins are clear." Their report also stated that while the atypia may be treated with a wider conservative wider excision, "I do not expect to find any residual tumor." Dr. Santos adopted these findings in an addendum to his report dated February 8, 2011. The records do not indicate any further treatment was offered to Kayla Johnson following the pathology report.

**EXHIBIT 1**

June 12, 2004
Joshua L. Weisberg
Re: Kayla Johnson
Page 2

In the fall of 2012, Ms. Johnson was diagnosed with malignant melanoma, node positive, Stage III, which then progressed to Stage IV. In September of 2013, the pathology slides that had been reviewed at Creighton Medical Laboratories in early 2011 were re-reviewed by pathologist Kelli Ann Hutchens, M.D. at Loyola University Medical Center for purposes of staging. Dr. Hutchens reported the lesion had been "narrowly excised" and the differential diagnosis would include a malignant melanoma measuring 1.6 mm in versus an atypical Spitz nevus, and that in light of the recent history of metastatic melanoma the former would be favored.

Based on my review of the records Deba Sarma, M.D. and Tracey Harbert, M.D. breached the standard of care when examining and reporting on the February of 2011 pathology slides. They should not have found and reported "no suggestion of melanoma", a wider re-excision was indicated rather than a statement a re-excision was unlikely to show any residual tumor, the specimen should have been sent for molecular genetic testing, and consideration should have been given for a sentinel lymph node biopsy. Had the standard of care been complied with it is likely Ms. Johnson would have been diagnosed with melanoma in early 2011 instead of fall of 2012.

Accordingly, I have concluded there is a reasonable and meritorious basis for filing a lawsuit against Creighton Medical Laboratories, Deba Sarma, M.D. and Tracey Harbert, M.D.

Sincerely,